**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**

| | | |
|---|---|---|
| **Onessimus M. Govereh,** | ) | **CASE NO. 4:12 CV 697** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Michael Pugh,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

**INTRODUCTION**

*Pro se* Plaintiff Onessimus M. Govereh filed this *Bivens*[1] action against the Northeast Ohio Correctional Center ("NEOCC"), NEOCC Warden Michael Pugh, and Corrections Corporation of America ("CCA").  In the Complaint, Plaintiff claims Defendants retaliated against him and subjected him to cruel and unusual punishment for boycotting the prison's commissary.  He seeks a writ of mandamus, and declaratory, injunctive, and monetary relief.

**BACKGROUND**

Plaintiff alleges that on March 6, 2012, Defendants announced significant price

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971).  While Plaintiff also cites 42 U.S.C. §1983 as a basis for this Court's jurisdiction, there are no allegations of action under color of state law.  Plaintiff is a federal prisoner, in the custody of the Bureau of Prisons.  *Bivens* provides federal inmates and detainees with a cause of action similar to § 1983.

increases at the commissary at NEOCC.  He indicates the items at the commissary were already priced well above market value.  After the announcement, inmates at NEOCC decided to boycott items sold at the commissary.  Ten days later, the Defendants ordered all Bureau of Prisons ("BOP") inmates placed in lock down.  Plaintiff claims this action was taken in retaliation for exercising his constitutional right to free speech.

During the lock down, Plaintiff contends he was subjected to intolerable conditions of confinement.  He contends two to three inmates were confined to an eight by fourteen foot cell for twenty-three to twenty-four hours per day.  While they were locked in their cells, they were denied visitation, recreation, educational programs, use of the law library, and the use of the telephone.  Inmates were limited to one shower of five minute duration every six days.  Plaintiff alleges the temperature in the cell was very warm but he was denied ice or cold drinking water. He asserts that the Defendants violated his Eighth Amendment rights.

**STANDARD OF REVIEW**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2]  *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v.*

---

[2]  An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute.  *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

*City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### DISCUSSION

#### A. Writ of Mandamus

Plaintiff first petitions the Court to issue a Writ of Mandamus to compel the Defendants to release BOP inmates from in-cell segregation. The Court, however, cannot grant this relief.

Congress provided district courts with mandamus jurisdiction "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the [P]laintiff." 28 U.S.C. § 1361. To obtain relief under this statute, an individual must establish that he has a clear right to relief and that a federal employee has a clear, nondiscretionary duty to act. *See*

*Heckler v. Ringer,* 466 U.S. 602, 616-17 (1984); *In re Bankers Trust Co.,* 61 F.3d 465, 469 (6th Cir.1995); *Ryon v. O'Neill,* 894 F.2d 199, 205 (6th Cir.1990). Here, Plaintiff seeks relief from a private prison corporation and its employee, not from an officer or employee of the United States. The Court lacks jurisdiction to grant mandamus relief against CCA, NEOCC, or Warden Pugh.

### B. *Bivens* Claims against CCA and NEOCC

In addition, Plaintiff does not have recourse against CCA and NEOCC under *Bivens*. *Bivens* provides a limited cause of action against individual federal government officers acting under color of federal law alleged to have acted unconstitutionally. *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 70 (2001). *Bivens*' purpose is to deter individual federal officers, not the agency, from committing constitutional violations. A *Bivens* action, therefore, cannot be brought against an entity such as the federal prison, the Bureau of Prisons, or the United States Government. *Id.*

CCA, which owns and operates NEOCC, is a private corporation. To avoid imposing asymmetrical liability costs on private prison facilities, the Supreme Court declined to expand *Bivens* to provide this cause of action against a private prison corporation. *Id.* at 70-74. (pointing out that when a prisoner in a Bureau of Prisons facility alleges a constitutional deprivation, his only remedy lies against the offending individual officer). Plaintiff, therefore, cannot bring *Bivens* claims against CCA or against NEOCC.

### C. *Bivens* Claims against Warden

The Supreme Court further declined to extend *Bivens* to the employees of a private prison under certain circumstances. *Minneci v. Pollard*, 132 S. Ct. 617, 622-23 (2012). "A

-4-

federal prisoner seeking damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), must seek a remedy under state tort law. A *Bivens* remedy cannot be implied." *Id.* at 626.

While *Minneci* clearly bars Eighth Amendment claims based on deliberate indifference to serious medical needs against individual employees of a private prison, it remains unclear whether Eighth Amendment claims based on conditions of confinement or First Amendment retaliation claims, such as those asserted here by Plaintiff, are of the type which fall within the scope of traditional tort law. *Id.* In fact, the Supreme Court in *Minneci* declined to decide "whether to imply a *Bivens* action in a case where an Eighth Amendment claim or state law differs significantly from those at issue here... ." *Id.* It is not clear, therefore, whether Plaintiff can assert his Eighth Amendment conditions claims or his First Amendment retaliation claims in a *Bivens* action against Warden Pugh.

Moreover, only a few district courts have considered this issue. Those courts that have encountered this situation have declined to address whether *Minneci* barred the plaintiff's First, Fifth, and Fourteenth Amendment claims because the claims were otherwise subject to *sua sponte* dismissal on the merits. *See McKaney v. Keeton*, No. CV 12–148–PHX–GMS, 2012 WL 1718056, at *3 (D. Ariz. May 15, 2012)(stating that while *Minneci* barred plaintiff's Eighth Amendment claims against individual employees of the private prison, it need not decide whether his First Amendment claims are of the type which fall within the scope of traditional tort law because they were subject to dismissal on the merits); *Brown v. Laughlin*, No.

-5-

5:12–cv–41–DCB–RHW, 2012 WL 1365221, at *2-3 (S.D.Miss. April 19, 2012)(assuming, without deciding, that Minneci does not prohibit a claim under *Bivens* for wrongful placement into segregation because that claim did not state a claim for relief on the merits); *Sandoval v. Corrections Corp. of America*, No. 4:12CV0093, 2012 WL 1552265, at * 4 -5 (N.D. Ohio April 30, 2012)(Pearson, J.)(dismissing *sua sponte* plaintiff's Fourteenth Amendment due process claim on the merits without deciding if it could be raised as a *Bivens* claim after *Minneci*); *Freeman v. Vargas*, No. 5:11cv881, 2012 WL 1066897, at *7 (N.D. Ohio Mar. 28, 2012)(Lioi, J.)(addressing the merits of frivolous claims under the First, Fourth, and Fifth Amendments without considering if they could be raised in a *Bivens* action after *Minneci*). Because Plaintiff's Eighth Amendment and First Amendment claims in this Complaint fail to state a claim upon which relief may be granted, the Court will follow the lead of the other district courts and address the merits of these claims.

  **1.**  **Eighth Amendment Claim**

Plaintiff claims that he and other inmates were held in their cells under conditions similar to those in the segregation unit. Prison officials may not deprive inmates of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). The Supreme Court in *Wilson v. Seiter*, 501 U.S. 294, 298 (1991), sets forth a framework for courts to use when deciding whether certain conditions of confinement constitute cruel and unusual punishment prohibited by the Eighth Amendment. A plaintiff must first plead facts which, if true, establish that a sufficiently serious deprivation has occurred. *Id.* Seriousness is measured in response to "contemporary standards of decency." *Hudson v. McMillian*, 503 U.S. 1,8 (1992). Routine discomforts of prison life do not suffice. *Id.* Only deliberate indifference

to serious medical needs or extreme deprivations regarding the conditions of confinement will implicate the protections of the Eighth Amendment. *Id.* at 9. Plaintiff must also establish a subjective element showing the prison officials acted with a sufficiently culpable state of mind. *Id.* Deliberate indifference is characterized by obduracy or wantonness, not inadvertence or good faith error. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Liability cannot be predicated solely on negligence. *Id*. A prison official violates the Eighth Amendment only when both the objective and subjective requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

Plaintiff fails to establish the objective component of his claim. To move beyond the pleading stage, an inmate must allege that he has been deprived "of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347. Although the list is not exhaustive, the minimal civilized measure of life's necessities includes food, clothing, shelter, medical treatment, and reasonable safety. *Farmer*, 511 U.S. at 832. Alleging that prison conditions "are restrictive and even harsh" does not suffice because such conditions "are part of the penalty that criminal offenders pay for their offenses against society." *Id*.; *see also Hudson*, 503 U.S. at 9. "[E]xtreme deprivations are required to make out a conditions-of-confinement claim [under the Eighth Amendment]." *Hudson*, 503 U.S. at 9 (internal quotation marks and citations omitted).

Here, Plaintiff claims he and other inmates were locked in their cells under conditions substantially similar to those found in the segregation unit. They were confined to their cells for most of the day. During that time, they were denied visitation, recreation, educational programs, use of the law library, and the use of the telephone. They were limited to one shower of five minute duration every six days. Although it was March, Plaintiff alleges the temperature in the cell was warm and he was denied ice or cold water. Placement in segregation is a routine

discomfort that is "part of the penalty that criminal offenders pay for their offenses against society." *Id. See Evans v. Vinson*, No. 09–6283, 2011 WL 2579779, at *5 (6th Cir. June 29, 2011); *Harden-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008); *Murray v. Unknown Evert*, No. 03-1411, 2003 WL 22976618, at *2 (6th Cir. Dec. 8, 2003).  Although Plaintiff alleges he was denied certain privileges as a result of his in-cell segregation, he has not alleged facts to suggest he was denied basic human needs and requirements.  Plaintiff's Eighth Amendment claim against Warden Pugh is dismissed.

### 2. Retaliation

Plaintiff also raises a claim for retaliation in violation of the First Amendment. Retaliation, though it is not expressly referred to in the Constitution, is actionable because retaliatory actions may tend to chill an individual's exercise of First Amendment rights. *Perry v. Sindermann*, 408 U.S. 593, 597 (1972). To state a *prima facie* case for retaliation prohibited by the First Amendment, Plaintiff must establish: 1) he engaged in protected conduct; 2) an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and 3) that a causal connection exists between the first two elements. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

The first element that Plaintiff must establish for his retaliation claim is that he engaged in conduct protected by the First Amendment. *Id.* at 394–95.  Although prisoners do retain constitutional rights in prison, they are more limited in scope than the constitutional rights held by individuals in society at large.  *Shaw v. Murphy*, 532 U.S. 223, 228-29 (2001).  Some rights, particularly those found in the First Amendment, are simply at times inconsistent with the status of a prisoner.  *Id.* at 229; *Pell v. Procunier*, 417 U.S. 817, 822 (1974)). *Procunier v. Martinez*,

416 U.S. 396, 404-405 (1974); *Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Here, Plaintiff claims he and other prisoners were placed in lock down after "an overwhelming majority of inmates each made a personal decision to boycott purchasing commissary items... ." (Doc. 1 at 2-3). Engaging in group demonstrations, marches or protests in the prison setting is not protected conduct. *Pearson v. Welborn*, 471 F.3d 732, 741 (7th Cir. 2006). Group protests impact the security of the prison. *Id*. While Plaintiff contends that each individual inmate made his own choice to participate in the group activity, it nevertheless remains a prohibited group demonstration which is not conduct protected by the First Amendment. *Id.* Because engaging in protected conduct is a threshold element of a cause of action for retaliation, Plaintiff failed to state a claim for relief against Warden Pugh. *See Thaddeus-X*, 175 F.3d at 394.

### CONCLUSION

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 8/22/12